# SETTLEMENT AGREEMENT AND
# <u>FULL AND FINAL RELEASE OF CLAIMS</u>

**THIS SETTLEMENT AGREEMENT** (the "Agreement") is entered into by and between Defendants JOSEPH A. PETRI and PETER L. WALSTROM, individually (hereinafter referred to as "Defendants") and Plaintiffs CRYSTAL BRICKHOUSE, LYDIA RELEFORD, LAKE HOWARD, LORETTA P. MILLER, SANDY WASHINGTON, and VIRGINIA E. WINN, (hereinafter referred to as Plaintiffs).

WHEREAS Plaintiffs were formerly employed by ~~MANDALA HEALING CENTER, LLC,~~ and BEHAVIORAL HEALTH INNOVATIONS, LLC, and

WHEREAS Defendants were executive officer of said corporations, and

WHEREAS, Brickhouse, Releford, Howard, Miller, Washington and Winn filed a complaint against Defendants in a case pending in the United States District Court for the Southern District of Florida, Case No.17-80970-CIV-MIDDLEBROOKS / BRANNON (the "Civil Action"), wherein they are claiming unpaid wages under the Fair Labor Standards Act; and

WHEREAS Plaintiffs have alleged that Defendants are legally responsible for the minimum wage under the Fair Labor Standards Act ("FLSA"), and

WHEREAS, both parties understand the risks of not prevailing by proceeding to a jury trial and also understand the costs and attorney's fees to be incurred by proceeding to trial, and both parties want to avoid the risks of financial liability and expenses that a jury trial would present; it is

THEREFORE, mutually agreed by and between Plaintiffs and Defendants as follows:

1. **Recitals:** All of the foregoing recitals are true and correct and incorporated herein by reference.

2. **Non-Admission of Liability/Wrongdoing:** This Agreement shall not in any way be construed as an admission by Defendants that they or any of their agents or representatives have acted wrongfully in violation of the common law or in violation of any federal, state, local or foreign statute or regulation. Defendants deny liability and have denied liability from the outset of the Civil Action. However, Defendants determined that the cost of trial and appellate proceedings would exceed the cost of settlement. Thus, Defendants have made the business decision to settle the claims by Brickhouse, Releford, Howard, Miller, Washington and Winn.

3. Within five days of signing this Agreement by Defendants, Defendants shall remit payment in the amount of $7,200.00 to Akers & Boswell, P.A. Trust Account as full consideration for this Agreement and dismissal of the above referenced case.



4. Within five (5) business days after receipt of the settlement funds in the amount of $7,200.00, Plaintiffs shall file a motion with the Court to approve this Agreement and to Dismiss the case with prejudice against the undersigned defendants.

5. Within five (5) business days after approval of this Agreement by the Court and the entry of an Order of Dismissal with Prejudice, Akers & Boswell, P.A. shall disburse the funds in trust ($7,200.00) as follows:

a) $ 1,098.00 to Brickhouse
b) $ 1,098.00 to Releford
c) $ 402.00 to Howard
d) $ 924.00 to Miller.
e) $ 692.00 to Washington
f) $ 866.00 to Winn
g) $ 620.00 to Akers & Boswell, P.A. as reimbursement for costs of litigation, and
h) $ 1,500.00 to Akers & Boswell, P.A. as attorney's fees.

TOTAL $7,200.00

6. Should the Court not approve the settlement, said funds shall be returned to the Defendants and this Agreement shall be considered null and void.

7. The settlement payments will serve as full and final settlement and in satisfaction of any and all claims Plaintiffs have, had, or may have against Defendants Petri and Walstrom only. These payments specifically do not resolve or waive any remaining claims Plaintiffs may have against ~~Mandala Healing Center, LLC and/or~~ ALLEGED Behavioral Health Innovations, LLC, for which they are still free to pursue their claims for unpaid wages or other causes of action, as may be available and as they deem appropriate.

8. The Plaintiffs and Defendants agree that nothing herein shall preclude Plaintiffs from pursing the balance of their claims from ~~Mandala Healing Center, LLC and/or~~ Behavioral Health Innovations, LLC, ~~or any of its affiliates~~ in any related ongoing or potential litigation. However, the Parties agree that the settlement funds, as outlined in paragraph 5, as paid hereunder, shall be applied against and reduce the total amount of any and all of Plaintiffs' claims against ~~Mandala Healing Center, LLC and/or~~ Behavioral Health Innovations, LLC, or any of its affiliates in any related ongoing or potential litigation. The Plaintiffs estimate that their remaining claims, after applying the payments in paragraph 5 above, are ALLEGED as follows:

a) $ 1,522.00 - Brickhouse
b) $ 1.522.00 - Releford
c) $ 586.00 - Howard
d) $ 1,264.00 - Miller
e) $ 1,304.00 - Washington
f) $ 4,202.00 - Winn

**IN WITNESS WHEREOF,** the undersigned Parties, have executed this Agreement on this 29th day of January, 2018.

**DEFENDANTS:**

_____   1/26/18
JOSEPH A. PETRI                                    Date

_____   1/26/18
PETER L. WALSTROM                            Date


**PLAINTIFFS:**

_____   1/18/18
CRYSTAL BRICKHOUSE                         Date

_____   1/18/18
LYDIA RELEFORD                                  Date

_____   1/20/18
LAKE HOWARD                                     Date

_____   1/18/18
LORETTA P. MILLER                             Date

_____   1/18/18
SANDY WASHINGTON                          Date

_____   1/18/18
VIRGINIA E. WINN                                Date