UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-81155-Civ-MIDDLEBROOKS/Brannon

CRYSTAL BRICKHOUSE,
LYDIA RELEFORD, LAKE HOWARD,
LORETTA P. MILLER, SANDY WASHINGTON,
VIRGINIA E. WINN, and those similarly situated,

    Plaintiffs,

vs.

PERTER L. WALSTROM and JOSEPH A. PETRI,

    Defendants.
_____/

## ORDER GRANTING MOTION TO APPROVE SETTLEMENT AGREEMENT AND DISMISS CASE WITH PREJUDICE

THIS CAUSE is before the Court upon the Plaintiffs' Motion to Approve Settlement Agreement and Dimiss Defendants Walstrom and Petri With Prejudice, filed on February 6, 2018. (DE 26).

Plaintiffs initiated this action on August 23, 2017, alleging, inter alia, violations of the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and demanding unpaid wages. (DE 1). The Plaintiffs now advise the Court that the parties have settled this action, and move for dismissal. (DE 26).

When a private action is brought under the FLSA and is subsequently settled, "the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) (internal citations omitted). In scrutinizing the settlement for fairness, a court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.*

1

at 1355. While the provisions of the Act are mandatory, the Eleventh Circuit has recognized that there may be bona fide disputes as to FLSA coverage and therefore, a district court may approve a settlement to "promote the policy of encouraging settlement of litigation." *Id.* at 1354. Where, as here, the settlement agreement was entered into in an adversarial context and both sides were represented by counsel throughout the litigation, the settlement agreement is "more likely to reflect a reasonable compromise over issues." *Id.*

Upon a review of the Parties' Settlement Agreement (DE 26-1), the Court finds that the settlement is a fair and reasonable arms-length resolution of the Parties' dispute. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that:

1. The Motion to Approve Settlement and Dismiss Case With Prejudice (DE 26) is **GRANTED**.

2. The Parties' Settlement Agreement (DE 26-1) is fair and reasonable and is **APPROVED**.

3. This case is **DISMISSED** with prejudice.

4. All pending motions are hereby **DENIED AS MOOT**.

5. The Clerk of Court shall **CLOSE THIS CASE**.

**DONE and ORDERED** in Chambers in West Palm Beach, Florida on this __8__ day of February, 2018.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record